UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Plaintiff, Smith's Consumer Products Inc. | : : : | |
| *Plaintiff*, | : : | CIVIL ACTION NO.: |
| *vs.* | : : | |
| Wusthof-Trident of America, Inc., | : : | |
| *Defendant.* | : : | February 20, 2015 |
| _____ | : | |

COMPLAINT FOR INFRINGEMENT OF UNITED STATES LETTERS PATENT

For its Complaint, Plaintiff Smith's Consumer Products, Inc. ("Smith's"), a Delaware corporation, by and through its attorneys, alleges as follows:

JURISDICTION AND VENUE

1. This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq*. and for breach of contract. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367. Upon information and belief, defendant is a Delaware corporation doing business in this District and having a principal place of business within this District. Defendant is subject to the personal jurisdiction of this Court and requiring defendant to respond to this action will not violate due process.

2. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

THE PARTIES

3. Smith's is a corporation incorporated and existing under the laws of Delaware, with a principal place of business located at 747 Mid America Blvd., Hot Springs, Arkansas 71913 – 8414. Smith's was formally known as Smith Abrasives, Inc. and changed its corporate name to

Smith's Consumer Products, Inc. by virtue of a Certificate of Amendment of Certificate of Incorporation filed on June 12, 2012 with Secretary of State of Delaware.

4. On information and belief, Wusthof-Trident America, Inc. ("Wusthof") is a corporation incorporated under the laws of Delaware, with a principal place of business within this District at 333 Wilson Avenue, Norwalk, Connecticut  06854.

## GENERAL ALLEGATIONS

5. Smith's is a manufacturer and marketer of, *inter alia*, knife sharpeners.

6. On February 24, 2009, United States Letters Patent No. D587,088 (hereinafter the "'088 Patent") was issued from United States patent application, SN 29/301,740 filed March 14, 2008 for an ornamental design for an abrasive sharpener.  Smith's is the assignee of all right and title to the '088 Patent.

7. Smith's currently owns, and did own, the '088 Patent throughout the entire period of infringement by Defendant Wusthof as hereinafter alleged in this Complaint.

8. Prior to the acts of infringement by Wusthof as hereinafter complained by Smith's, Wusthof had direct and actual knowledge of the '088 Patent.

9. Prior to the acts of infringement by Wusthof as hereinafter complained of by Smith's, Smith's and Wusthof entered into a business arrangement whereby Smith's had sharpeners that were the subject of the claim in the '088 Patent (hereinafter Smith's "Legitimate Products") manufactured for Smith's by a private company in China, and then either shipped to Smith's for sale to Wusthof in the United States or drop shipped directly to Wusthof as authorized sales of those Legitimate Products by Smith's to Wusthof.

10. At some time after the establishment of the foregoing business arrangement between Smith's and Wusthof, Wusthof entered into a separate business arrangement with the same private company in China that had been manufacturing Smith's Legitimate Products for Smith's,

to purchase identical sharpeners (hereinafter Wusthof's "Infringing Products") for sale directly from that Chinese company to Wusthof, all without the knowledge, authorization or approval of Smith's. Wusthof's Infringing Products were subsequently purchased and imported into the United States by Wusthof.

9. On November 9, 2011, Smith's filed a Complaint for Infringement of United States Letters Patent under its former name, Smith Abrasives, Inc., in the United States District Court, District of Connecticut, in the case of *Smith Abrasives, Inc. v. Wusthof-Trident of America, Inc.*, Case No. 3-11-cv-0173 (hereinafter "Smith Abrasives case").

10. A Notice of Voluntary Dismissal was filed and entered in the Smith Abrasives case on January 13, 2012 as a result of a Settlement Agreement hereinafter "Settlement Agreement" between the parties. As provided in the Settlement Agreement, the terms thereof are to be maintained in confidence except under conditions specified.

## FIRST COUNT
### (PATENT INFRINGEMENT)

11. Smith's incorporates by reference paragraphs 1-10 as though fully set forth herein.

12. On information and belief, Defendant Wusthof has infringed and is still infringing the '088 Patent under 35 U.S.C. § 271 since the date of Dismissal of the Smith Abrasives case and without authority from Smith's by importing into the United States and selling, using and distributing in and throughout the United States, including within this District, Wusthof's Infringing Products, all without the knowledge, approval or authorization of Smith's, and Wusthof will continue to do so unless enjoined by this Court.

13. Upon information and belief, Wusthof's infringement of the '088 Patent is and has been willful and deliberate.

14.   Smith's has been and is being irreparably harmed as a result of Wusthof's infringement of the '088 Patent.

15.   As a result of Wusthof's infringement, Smith's has suffered damages.

## SECOND COUNT

### (BREACH OF CONTRACT)

16.   Smith's incorporates paragraphs 1-10 by reference as though fully set forth herein.

17.   On information and belief, Defendant Wusthof has breached the parties' Settlement Agreement since the date of Dismissal of the Smith Abrasives case and without authority from Smith's by importing into the United States and selling, using and distributing in and throughout the United States, including within this District, Wusthof's Infringing Products, all without the knowledge, approval or authorization of Smith's.

18.   As a result of Wusthof's breach of contract, Smith's has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE:

Plaintiff Smith's Consumer Products, Inc. prays for judgment against Wusthof-Trident of America, Inc. as follows and for the following relief:

1.   That Plaintiff's United States Letters Patent No. D587, 088 be declared good, valid and enforceable.

2.   That Defendant be adjudged to have infringed Plaintiff's United States Letters Patent No. D587,088.

3.   That Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from infringing, contributing to the infringement of, and

inducing infringement of the '088 patent-in-suit, and specifically from directly or indirectly making, using, selling or offering for sale, or importing any products embodying the design of the patent-in-suit or its equivalents during the life of the claims of the patents-in-suit, without the express written authority of Plaintiff.

4. That Defendant be directed to fully compensate Plaintiff for all damages attributable to Defendant's infringement of the patent-in-suit in an amount according to proof at trial.

5. That this case be deemed exceptional.

6. That all damages awarded be trebled.

7. That Defendant be ordered to deliver to Plaintiff, for destruction at Plaintiff's option and Defendant's expense, all products that infringe the patent-in-suit.

8. That Defendant be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law, including, without exception, any and all profits derived, directly or indirectly, from Defendant's sale of any other products in conjunction with its sale or offering for sale of Infringing Products, including but not limited to promotions, loss leaders, and/or bonus products to promote, advance, enhance and/or increase its sales of Defendant's other products.

9. That Plaintiff be awarded reasonable attorney's fees.

10. That Plaintiff be awarded the costs of suit and an assessment of interest.

11. That Plaintiff have such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,
PLAINTIFF SMITH'S CONSUMER PRODUCTS, INC.

/s/ Jonathan B. Tropp
Jonathan B. Tropp (ct11295)
Day Pitney LLP
One Canterbury Green
Stamford, CT  06901
(203) 977-7300
Fax:  (203) 977-7301
E-mail:  jbtropp@daypitney.com
Its Attorneys

OF COUNSEL:
Edward D. Gilhooly
egilhooly@ameritech.net
Edward D. Gilhooly & Associates
53 West Jackson Blvd., Suite 440
Chicago, Illinois 60604
Phone   (312) 362 1734